**UNITED STATES of America,**
**Plaintiff,**

v.

**Peter SEEGER, Defendant.**

United States District Court
S. D. New York.
Jan. 27, 1960.

S. Hazard Gillespie, Jr., U. S. Atty., New York City, Lawrence P. McGauley, Asst. U. S. Atty., New York City, of counsel, for plaintiff.

Wolf, Popper, Ross, Wolf & Jones, New York City, Paul L. Ross, Leonard Boudin, New York City, of counsel, for defendant.

WEINFELD, District Judge.

The Government moves to quash a subpoena served by the defendant upon a member of Congress, the Chairman of the House Committee on Un-American Activities, commanding the latter's appearance as a defense witness at the trial set for March 21, 1960 upon the ground that compliance therewith would be unreasonable and oppressive.[1]

The defendant is charged with wilful refusal to answer pertinent questions put to him during the course of the Committee's investigation in violation of Title 2 U.S.C.A., section 192. The defendant's counsel has submitted an affidavit in which he sets forth that he seeks to question the Chairman of the Committee concerning the subject matter of the inquiry, the pertinency of the questions asked, the authority of the Committee to conduct the inquiry, and the legislative purpose of the hearing.[2] The Government, in support of its motion, urges that these matters are all deducible from documents, records and minutes of the Committee proceedings and consequently contends that there is no need to have the oral testimony of the Chairman of the Committee.

 Under the Sixth Amendment to the Constitution a defendant accused of crime is guaranteed the right to compel the attendance of witnesses. Who these witnesses shall be is a matter for the defendant and his counsel to decide. It does not rest with the prosecution or the person under subpoena. The defendant may not be deprived of the right to summon to his aid witnesses who it is believed may offer proof to negate the Government's evidence or to support the defense. The fact that the witness here under subpoena is a member of Congress does not submerge the basic question—the right of the defendant in a criminal prosecution to compulsory process.[3]

 The materiality of a witness' proffered testimony must rest with the trial judge after the witness has been sworn. If questions are objected to, a ruling as to relevancy or materiality can be made within the framework of the charges contained in the indictment and against the background of the evidence in the case.[4] To issue such a ruling in advance of trial and to hold that the witness' testimony is not material and hence the subpoena should be vacated, would deprive the defendant of his constitutional right to compulsory process under the Sixth Amendment and his right to a fair trial under the due process clause of the Fifth Amendment.

The motion to quash the subpoena is denied.

Settle order on notice.

1. The subpoena was originally returnable on January 25, 1960 but under an order of the Court jurisdiction was retained pending determination of this motion.

2. Cf. Barenblatt v. United States, 1959, 360 U.S. 109, 79 S.Ct. 1081, 3 L.Ed.2d 1115; Watkins v. United States, 1957, 354 U.S. 178, 77 S.Ct. 1173, 1 L.Ed.2d 1273; United States v. Rumely, 1953, 345 U.S. 41, 73 S.Ct. 543, 97 L.Ed. 770.

3. Compare United States v. Cooper, 1800, 4 U.S. (4 Dall.) 341, 1 L.Ed. 859. No contention is advanced upon this motion for the House member that he is entitled to immunity from subpoena while the Congress is in session, as it presently is. To the extent, if any, that such privilege is available, it is waived.

4. Parenthetically, it is noted that in cases based upon charges similar to that leveled against the defendant herein, the Government itself called the Chairman or a member of the Congressional Committee to support the charges. E. g., United States v. Kamin, D.C.Mass.1955, 135 F.Supp. 382, 386. The materiality of such evidence is apparent. See Barenblatt v. United States, 1959, 360 U.S. 109, 79 S.Ct. 1081, 3 L.Ed.2d 1115; Watkins v. United States, 1957, 354 U.S. 178, 77 S.Ct. 1173, 1 L.Ed.2d 1273.