## JOHNSON *v.* BENNETT, WARDEN.

No. 32.  Argued November 13–14, 1968.—Decided
December 16, 1968.

*Ronald L. Carlson* argued the cause and filed briefs for petitioner.

*William A. Claerhout,* Assistant Attorney General of Iowa, argued the cause for respondent.  With him on the brief was *Richard C. Turner,* Attorney General.

PER CURIAM.

In 1934, petitioner was indicted for murdering a policeman in Burlington, Iowa.  Petitioner claimed that he was innocent and that he had not been present at the scene of the crime.  At the trial, several witnesses testified that petitioner had been in Des Moines, 165 miles away from Burlington, on the day that the crime was committed.  The trial judge instructed the jury that for the petitioner to be entitled to an acquittal on the ground

that he was not present at the scene of the crime, the petitioner must have shown by a preponderance of the evidence that he was not present.[1] The jury found petitioner guilty of second-degree murder, and petitioner was sentenced to life imprisonment. His conviction was affirmed by the Iowa Supreme Court. *State* v. *Johnson*, 221 Iowa 8, 264 N. W. 596 (1936).[2]

In this habeas corpus proceeding, petitioner argued, among other points, that the State had denied him due process of law by placing on him the burden of proving the alibi defense. The United States District Court for the Southern District of Iowa rejected this argument and denied the petition. The United States Court of Appeals for the Eighth Circuit affirmed. 386 F. 2d 677 (1967). We granted certiorari to consider the constitutionality of the alibi instruction, along with other issues. 390 U. S. 1002 (1968).[3] After we granted certiorari, the

[1] The instruction was as follows:

"The burden is upon the defendant to prove [the] defense [of alibi] by a preponderance of the evidence, that is, by the greater weight or superior evidence. The defense of alibi to be entitled to be considered as established must show that at the very time of the commission of the crime the accused was at another place so far away, or under such circumstances that he could not with ordinary exertion have reached the place where the crime was committed so as to have committed the same. If by a preponderance of the evidence the defendant has so shown, the defense must be considered established and the defendant would be entitled to an acquittal. But if the proof of alibi has failed so to show, you will not consider it established or proved. The evidence upon that point is to be considered by the jury, and if upon the whole case including the evidence of an alibi, there is a reasonable doubt of defendant's guilt, you should acquit him."

[2] See also *State* v. *Johnson*, 221 Iowa 8, 21, 267 N. W. 91 (1936), in which the Iowa Supreme Court corrected certain errors made in its original opinion.

[3] The other issues were whether the State had suppressed evidence favorable to petitioner and intentionally used false evidence at petitioner's trial, in violation of the Fourteenth Amendment.

Court of Appeals for the Eighth Circuit, sitting *en banc*, held in another case that the Iowa rule shifting to the defendant the burden of proving an alibi defense violates the Due Process Clause of the Fourteenth Amendment. *Stump* v. *Bennett*, 398 F. 2d 111 (1968).[4] In view of that holding, we vacate the decision in this case and remand to that court for reconsideration.[5]

MR. JUSTICE BLACK dissents.

---

[4] The instruction in *Stump* was similar to the one in the present case. The Court of Appeals rejected the State's contention that any error was harmless because the jury was also instructed that the State had the burden of proving "the crime as a whole" beyond a reasonable doubt. The court pointed out that, in view of the instruction's inconsistency, reasonable minds could infer that the defendant retained the burden of proving nonpresence. 398 F. 2d, at 116, 121–122.

[5] In *Stump,* the Court of Appeals said:

"[W]e are not directly faced with issues of retroactivity. We recognize that a panel of this court in Johnson v. Bennett, also a habeas corpus proceeding by an Iowa state prisoner, refused relief as to a number of matters, including the alibi instruction. The *Johnson* case concededly has some factual distinctions from the present one. Also significant is the fact that in the *Stump* case, unlike *Johnson,* counsel has carefully preserved by objections throughout the trial and appellate procedures his argument as to the unconstitutionality of the instruction." (Citations omitted.) 398 F. 2d, at 122–123.

We express no opinion as to the validity of the distinctions suggested by the Court of Appeals. Instead, we deem it appropriate to remand to that court for a definite ruling on the issue.