Merle **BURNSIDE**, Appellant,

v.

Maurice H. **SIGLER**, Warden, Nebraska Penal Complex, Appellee.

No. 71–1359.

United States Court of Appeals, Eighth Circuit.

Nov. 24, 1971.

Merle Burnside, pro se.

Clarence A. H. Meyer, Atty. Gen. of Neb., and Mel Kammerlohr, Asst. Atty. Gen., Lincoln, Neb., on brief for appellee.

Before MATTHES, Chief Judge, LAY, Circuit Judge, and HUNTER, District Judge.

PER CURIAM.

Appeal is made from the federal district court's denial of a writ of habeas corpus by a state prisoner, 329 F.Supp. 1257. On June 17, 1969, the petitioner pleaded guilty to the crime of burglary in the state district court. He was sentenced to a term of three to ten years. On petitioner's appeal asserting *inter alia* that his plea was involuntary the Nebraska Supreme Court affirmed the conviction. State v. Burnside, 185 Neb. 234, 175 N.W.2d 1 (1970). In his appeal from the denial of the writ of habeas corpus petitioner basically contends that

his plea of guilty was involuntary in that he was wrongfully induced to enter a guilty plea by reason of a promise by the state to drop charges of being an habitual criminal and because of ineffective assistance of his own counsel.

The decision of Brady v. United States, 397 U.S. 742, 751, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970), disposes of petitioner's claim that he was improperly induced to plead guilty in exchange for a "bargain" with the state that it would drop the habitual criminal charge. The Supreme Court has generally noted that a petitioner represented by counsel "is bound by his plea and his conviction unless he can allege and prove serious derelictions on the part of counsel sufficient to show that his plea was not, after all, a knowing and intelligent act." McMann v. Richardson, 397 U.S. 759, 774, 90 S.Ct. 1441, 1450, 25 L.Ed.2d 763 (1970).

■ As to petitioner's claim that his guilty plea was induced by ineffective assistance of counsel, petitioner produced one witness who claimed that petitioner's counsel refused to call him notwithstanding his alleged knowledge and willingness to present significant testimony impeaching the key witness of the state. It is undisputed that petitioner was told by his counsel that the witness had refused to testify for him and had in fact written a letter offering to be a state's witness. This was denied by the witness. There was considerable conflict in the testimony. It is argued by petitioner on appeal that the present record was insufficient to sustain the trial court's finding that petitioner was not misled by his counsel and thereby did not suffer from ineffective assistance of counsel.

The primary difficulty in passing on this question is that the record is totally silent concerning petitioner's exhaustion of his state remedy as to his contention of ineffective assistance of counsel on the grounds alleged. In petitioner's appeal from his plea of guilty to the Nebraska Supreme Court, although one of the allegations in that appeal was ineffective assistance of counsel, there was no testimony adduced in the state court in order for the state court to have an opportunity to review this claim in the manner now made.

Under these circumstances the order denying the writ of habeas corpus relating to ineffective assistance of counsel is reversed and the cause remanded with directions to dismiss the same for failure of the petitioner to adequately exhaust his state remedy. Cf. Buffalo Chief v. State of South Dakota, 425 F.2d 271 (8 Cir. 1970).