Seth E. BLACKWELL, Sr., Appellant,

v.

Charles L. WOLFF, Jr., Warden, Appellee.

No. 71–1133.

United States Court of Appeals, Eighth Circuit.

Jan. 24, 1972.

Charles E. Wright, Lincoln, Neb., for appellant.

C. C. Sheldon, Asst. Atty. Gen., Lincoln, Neb., for appellee.

Before LAY, HEANEY and STEPHENSON, Circuit Judges.

HEANEY, Circuit Judge.

The petitioner was convicted of second degree murder in a Nebraska state court. His conviction was affirmed on appeal to the Supreme Court of Nebraska. State v. Blackwell, 184 Neb. 121, 165 N.W.2d 730 (1969). He then petitioned for habeas corpus in the federal district court. The petitioner now appeals from an order denying his petition and dismissing it with prejudice.

The petitioner has two principal contentions: (1) that the trial judge erred in seating the petitioner, at his attorney's request, between two guards approximately ten feet behind the counsel table; and (2) that the cumulative effect of other errors deprived him of due process.

The federal district judge found that prior to the empaneling of the jury, one of the petitioner's attorneys requested, in chambers, that the petitioner be seated away from the counsel table between two deputy sheriffs. The stated reason for this request was "[t]o better aid in [the petitioner's] defense because he is constantly talking and disrupting things in such a way it would interfere with our orderly trial." The trial judge granted this request without asking the petitioner if he agreed to this seating arrangement and without giving him an opportunity to express himself on the subject. It is unclear whether or not the petitioner was present in the judge's chambers when the decision to segregate him from the counsel table was made. In any event, the petitioner did not protest the seating arrangement to the trial judge. At the habeas hearing, the petitioner testified that he had assumed that he would be sitting at the counsel table; but that immediately prior to the beginning of the trial, his counsel told him that it would make him look better if he did not sit there. He also testified that during the trial, he asked his attorney why he was segregated from the counsel table, but received no answer.

The trial was conducted with the petitioner seated in the manner requested by his attorneys. During the course of the trial, the petitioner twice engaged in disruptive activity. On both occasions, he was restrained by the guards and led from the courtroom. On the second occasion, he was led out handcuffed. Both times, the trial was halted until he returned to the courtroom.

After each disruption, counsel for the petitioner moved for a mistrial; in each case, the motion was denied. Counsel made no request, on either occasion, for special instructions to the jury to ignore the disruptions and the restraints placed upon the petitioner. No such admonitions were given. Furthermore, counsel did not request the trial judge to instruct the jury regarding the incidents at the close of the case, and the judge did not instruct them in this regard.

On appeal to the State Supreme Court, the petitioner did not challenge the decision of the trial judge to segregate him from the counsel table, and seat him between two guards. Nor did he question the competency of his trial counsel, who also represented him on the appeal. The Nebraska Supreme Court affirmed the petitioner's conviction. Application for post-conviction relief has not been made to the state courts.[1]

In his petition for writ of habeas corpus in federal court, the petitioner for the first time, raised the issues of the propriety of his initial segregation and the competency of his counsel. He also raised, *inter alia*, the following issues

---

1. See, Neb.Rev.Stat. §§ 29–3001 to 29–3004 (Supp.1967). The availability of post-conviction relief in Nebraska is discussed in Kennedy v. Sigler, 397 F.2d 556, 559 (8th Cir. 1968), and the cases cited therein.

which had been previously decided by the Nebraska Supreme Court:

(1) whether the trial judge erred in not declaring a mistrial because of the disruptions;

(2) whether the trial judge erred in not admonishing or instructing the jury concerning the outbursts;

(3) whether the trial judge erred in admitting certain photographs.

We must first determine whether the District Court properly reached the questions of petitioner's segregation and the competency of his counsel. It is clear that neither issue has been presented to the Nebraska state courts and that the petitioner has failed to exhaust his state remedies with respect to them. Notwithstanding the failure of the state to raise the exhaustion issue in this Court or below, we feel that the State of Nebraska should be given an opportunity to decide the segregation and competency issues before a federal court rules on them. See, Burnside v. Sigler, Warden, Nebraska Penal Complex, 451 F.2d 987 (8th Cir. 1971); Johnson v. Bennett, 386 F.2d 677, 678, 679 (8th Cir.1967), vacated on other grounds, 393 U.S. 253, 89 S.Ct. 436, 21 L. Ed.2d 415 (1968).[2] Both the Supreme Court and this Court have frequently emphasized the importance of requiring state prisoners to exhaust state remedies,

see, Picard v. Connor, 404 U.S. ——, 92 S. Ct. 509, 30 L.Ed.2d 438 (1971); Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963); Barry v. Sigler, 373 F.2d 835, 837, 838 (8th Cir. 1967); Larry Buffalo Chief v. State of South Dakota, 425 F.2d 271, 278 (8th Cir. 1970), and we find no reason for not insisting that they be exhausted here. Indeed, there are good reasons for insisting on it:

(1) The State of Nebraska has not explicitly waived the exhaustion requirement. See, Jenkins v. Fitzberger, 440 F.2d 1188 (4th Cir. 1971); Tolg v. Grimes, 355 F.2d 92 (5th Cir.), cert. denied sub nom. Grimes v. Tolg, 384 U.S. 988, 86 S.Ct. 1887, 16 L.Ed.2d 1005 (1966).

(2) The state's highest court has not had an opportunity to deal with either question. See, Capps v. Patterson, 398 F.2d 345 (10th Cir. 1968); Nance v. Baker, 400 F.2d 864 (10th Cir. 1968).

(3) The facts underlying these questions were not raised on brief to the Supreme Court of Nebraska. See, Howard v. Sigler, 325 F.Supp. 278 (D.Neb.1971) (on motion for relief of judgment).

(4) Important factual determinations must be made with respect to each issue. See, United States ex rel. Bagley v. LaVallee, 332 F.2d 890 (2nd Cir. 1964).

(5) The issues are not frivolous.[3]

---

2. In Johnson v. Bennett, 386 F.2d 677 (8th Cir. 1967), vacated on other grounds, 393 U.S. 253, 89 S.Ct. 436, 21 L.Ed.2d 415 (1968), neither party had raised the issue of exhaustion of state remedies. Nevertheless, before considering the merits of the case, this Court considered it necessary to review the record to determine whether the petitioner had exhausted his state remedies. In *Bennett*, the Court concluded that the petitioner had exhausted them.

In Burnside v. Sigler, Warden, Nebraska Penal Complex, 451 F.2d 987 (8th Cir. 1971), without discussion of the fact that the state had failed to raise the exhaustion issue, we reversed and remanded the case for failure to exhaust state remedies.

3. " * * * [I]n situations where substantial issues are raised and an evi-

dentiary hearing is required to solve the issues, the exhaustion of the state remedy requirement should not be bypassed." Mayes v. Sigler, 428 F.2d 669, 671 (8th Cir. 1970).

The ABA standard and commentary on the custody and restraint of defendants and witnesses emphasize that the defendant should be seated so as to be able to effectively consult with his counsel. ABA Standards, Trial by Jury, § 4.1 (Approved Draft, 1968). See also, Commonwealth v. Boyd, 246 Pa. 529, 92 A. 705 (1914). Here, the federal District Court found that the defendant was able to effectively communicate with his counsel despite the seating arrangement. This is the type of evidentiary finding that should be made initially by the Nebraska courts.

The ABA standard and commentary on the custody and restraint of defendants

We have carefully searched the Nebraska Supreme Court's opinion in an effort to determine if it implicitly ruled on the validity of the initial segregation or on the competency of the defense counsel. We are satisfied that it did not. A close reading of that opinion indicates that the court was concerned, almost exclusively, with the petitioner's contention that he was entitled to a mistrial because of his disruptions. The court did not determine the initial, and perhaps more important, question of whether the trial court's order, segregating the petitioner from his counsel and placing him between two deputy sheriffs, was proper, particularly in view of the fact that the petitioner was given no hearing on this issue.

The essence of the problem, as we see it, is whether or not the trial judge should have explored, *sua sponte*, the probability that the petitioner would disrupt the trial instead of relying on defense counsel's statement that this would be the case. The ABA standard on the custody and restraint of defendants and witnesses emphasizes that it is the trial judge who should make the finding of exceptional circumstances requiring the restraint of the accused. ABA Standards, Trial by Jury, § 4.1 (Approved Draft, 1968). The commentary to § 4.1(c) states, "It is most important that there be a record of the trial judge's action which affords a sound basis for appellate review. * * *". No such record is present in this case.

Such a record would have been particularly helpful here because the exact nature of the petitioner's response to his segregation is unclear. Thus, we are unable to determine whether, as the state contends, the petitioner waived his right to be seated at the counsel table. The facts relating to the possibility of waiver should be developed at a state court hearing.

Further, it seems to us that the facts surrounding the decision to segregate are inextricably linked with the claim of ineffective counsel. This latter claim can be ruled on only after a hearing on the facts, and the state trial court is the most appropriate body to conduct that hearing. See, United States ex rel. Bagley v. LaVallee, *supra*.

The petitioner did contend, both in state court and in the federal District Court, that the trial judge erred in not declaring a mistrial because of the disruptions and that he erred in failing to admonish the jury concerning these outbursts. But these issues are so closely related to the broader issue of a possible breach of the defendant's rights at the time he was put under restraint and not permitted to sit at the counsel table, that no useful purpose would be served by our affirming or reversing the District Court on these issues at this time. Therefore, we do not express our opinion on these alleged errors.

The only remaining issue determined by the District Court and raised on appeal is the admission of certain photographs into evidence. We affirm the decision of the District Court relative to the admission of the photographs.

We vacate the District Court's decision as it relates to the petitioner's oth-

---

and witnesses also emphasize the importance of keeping the defendant free of restraints in the absences of special circumstances so as not to prejudice the jury against him. ABA Standards, Trial by Jury, *supra* at 94. In Dorman v. United States, 140 U.S.App.D.C. 313, 435 F.2d 385, 398 (1970), the Court found that the defendants were not prejudiced because of the presence of a deputy United States Marshal seated behind them at the counsel table. The Court indicated, however, that a trial judge " * * * should shackle the defendants in court, whether with chains or with marshals, only on a clear showing that the defendants pose an immediate threat to the peace and order of the trial." See also, United States v. Greenwell and Boney, 418 F.2d 846 (4th Cir. 1969) (per curiam). Where the petitioner had been segregated between two deputy sheriffs, and the federal district judge has found that the evidence in the case could support a finding of not guilty or of manslaughter as well as second degree murder, we cannot say that there is no possibility that the petitioner was prejudiced by the seating arrangement.

er contentions. The District Court is instructed to dismiss the petition without prejudice with respect to the contentions that the state trial judge erred in segregating the petitioner and the petitioner's counsel were incompetent. The District Court should retain jurisdiction with respect to the contentions that the state trial judge erred in not declaring a mistrial and in failing to give appropriate instructions. It should give the petitioner an opportunity to bring post-conviction proceedings in state court, and then reconsider these contentions in the light of the decision of the Nebraska courts in such proceedings.