**UNITED STATES of America ex rel. Luther HUNTER, Petitioner,**

v.

**J. W. PATTERSON, Superintendent, Eastern Correctional Facility, Respondent.**

**No. 73 Civ. 4689–LFM.**

United States District Court, S. D. New York.

April 16, 1974.

pursuant to 28 U.S.C. § 2254, two convictions and concurrent sentences of seven to twenty-one years, imposed by the Supreme Court, Bronx County, on November 30, 1971, following a jury trial. Petitioner was convicted of the crimes of rape in the first degree and kidnapping in the second degree. His convictions were affirmed, without opinion, by the Appellate Division, First Department, People v. Hunter, 42 A.D.2d 689, 345 N.Y.S.2d 969 (1st Dep't 1973), and leave to appeal to the New York Court of Appeals was denied on September 14, 1973.

Petitioner claims that his Fifth and Sixth Amendment rights to due process and compulsory process were denied because (1) certain witnesses whom petitioner wished to testify at his trial did not appear and (2) the court refused to grant a continuance to enable him to obtain the attendance of those witnesses at trial.

It appears that in the early morning hours of December 19, 1970, Mrs. Leslie Santiago, while returning home alone from a party, was accosted by two men on the 181st Street Bridge which connects Manhattan with the Bronx. The men forced her into their car and subjected her to multiple rapes and attempted sodomy. After several hours, Mrs. Santiago was freed by the men.

A few hours later, when Mrs. Santiago was being escorted to the police station to deliver certain evidentiary items, she saw the defendants, Luther Hunter and Lawrence Hagins, who had been apprehended on a motor vehicle violation, released and rearrested because they matched the description of the attackers. She immediately identified them as her assailants.

At trial, the defendants' basic defense was an alibi. Several friends and relatives of the defendants testified that Hagins and Hunter were elsewhere during the period when the alleged kidnapping and rapes occurred. The defendants also pursued other lines of defense, and, in an attempt to refute the medical

Luther Hunter, petitioner pro se.

Louis J. Lefkowitz, Atty. Gen. of N. Y., New York City, for respondent; Arlene R. Silverman, Asst. Atty. Gen., of counsel.

**MacMAHON, District Judge.**

Petitioner, Luther Hunter, confined to Eastern Correctional Facility, Napanoch, New York, collaterally challenges, pro se,

evidence of sexual intercourse at about the time of the alleged rapes, endeavored to subpoena the victim's husband, Alfred Santiago, to establish that she could have had intercourse with him.

Mrs. Santiago testified that her husband had not accompanied her to the party on the night of the alleged rapes because he was working. To contradict this testimony, the defense presented a witness from her husband's place of employment. This development also led the defendants to attack the complainant's credibility by suggesting that the Santiagos' marriage was rent by discord and that, consequently, she might have consented to have sexual intercourse with them. The defense, believing her husband Alfred was the best witness to these imputations and having already attempted, unsuccessfully, to subpoena him both at home and at work, called the process server to the stand.

He testified, *in camera,* that Mrs. Santiago had been at home when he attempted service on her husband, but refused to accept the subpoena for her husband, and that she stated that she did not know where he was. The process server also said that he went to Mr. Santiago's place of employment, the Daily News, but the process server was told that he was not working that day.

The process server then stated that it was his opinion that the witnesses (the husband and some of his relatives who were with the complainant on the evening in question) were avoiding service. On cross-examination, however, he acknowledged that he had only been to the complainant's apartment on the one occasion. The court, after noting the lackadaisical manner in which service had been attempted, stated:

"However, I want to make one more observation here. These are people who are not parties to the action. Under those circumstances the Court is without authority to order them brought in and frankly sees no purpose in this offer of proof."

■ Defense counsel then indicated his desire to have the process server testify before the jury and "have these facts explained to them." The court denied this request. No further application was made with respect to the production of the husband. The defense could have, but did not, made substituted service of the subpoena by leaving it with Santiago's wife at his place of residence,[1] and, if he failed to appear, sought his detention as a material witness, pursuant to New York CPL §§ 620.20 and 620.30 (McKinney 1971). Despite this, petitioner contends that, because Mr. Santiago was never served, and hence did not appear, he was denied due process and the Sixth Amendment right to compulsory process. This issue was unsuccessfully raised on appeal and, therefore, petitioner's available state remedies have been exhausted.

■ Both the Sixth Amendment and the due process clause of the Fifth Amendment guarantee the right of a defendant to process to compel the appearance at trial of witnesses who can provide relevant and material evidence for his defense.[2] When it appears, however, that the witness sought would not produce relevant and material testimony for the defense, no violation of the constitutional right occurs if the witness fails to appear.[3] The petitioner bears the burden of showing that the witness he seeks will give relevant and material testimony.

■ In the circumstances of this case, we think petitioner has failed to establish any violation of his constitutional rights. First, he has failed to

---

1. N.Y. Civil Practice Law and Rules § 308 (McKinney 1972) and Criminal Procedure Law § 610.40.

2. Washington v. Texas, 388 U.S. 14, 23, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967) ; United States v. DeStefano, 476 F.2d 324 (7th Cir.

1973) ; United States v. Seeger, 180 F.Supp. 467 (S.D.N.Y.1960).

3. United States v. DeStefano, *supra;* United States ex rel. Cooper v. Reincke, 219 F. Supp. 733 (D.Conn.1963).

show that the defense made a genuinely diligent attempt to serve Mr. Santiago. Second, the defense failed to avail itself of any of the procedures for subpoenaing witnesses provided by the New York statutes.[4] Third, no request was made by the defense that either the court or the prosecution aid it in attempting to produce Alfred Santiago.

Finally, petitioner has totally failed to show that Alfred Santiago's testimony would have been either relevant or material to the proceedings, or, for that matter, helpful to his defense. We can only speculate as to the content of Mr. Santiago's testimony. At best, his testimony would have provided material for impeachment of Mrs. Santiago's credibility. Since this function could have been adequately performed by cross-examination of Mrs. Santiago, any failure to produce Alfred Santiago cannot be said to have prejudiced petitioner.[5] Petitioner has similarly failed to show that either Charles or Lenaire Santiago, the victim's brother-in-law and his wife, would have produced any testimony relevant to his defense. Therefore, we reject petitioner's contention that his constitutional rights were denied because these witnesses were not produced.

Petitioner also contends that the trial judge's failure to grant a continuance during the trial to enable him to produce the missing witnesses violated his due process and Sixth Amendment rights. The granting or denial of a continuance are matters within the discretion of the trial judge. Except in the case of "a myopic insistence upon expeditiousness in the face of a justifiable request for delay," a denial of a continuance does not constitute a deprivation of constitutional rights.[6] Here,

since the trial continued for eight days after the denial of his motion for a continuance, petitioner had ample time to secure his witnesses before the trial ended. Thus, he suffered no prejudice from the trial judge's denial of his motion for a continuance.

Accordingly, this application is denied. A certificate of probable cause (28 U.S. C. § 2253) will not issue since there are no questions of substance on which the Court of Appeals should rule. Finally, we certify that any purported appeal in forma pauperis is not taken in good faith because an appeal would be frivolous.[7]

So ordered.

4. N.Y. Criminal Procedure Law §§ 610.40, 620.20, 620.30 and N.Y. Civil Practice Law and Rules § 308, *supra*.

5. Johnson v. Bennett, 386 F.2d 677 (8th Cir. 1967), vacated on other grounds, 393 U.S. 253, 89 S.Ct. 436, 21 L.Ed.2d 415 (1968).

6. Ungar v. Sarafite, 376 U.S. 575, 589, 84 S. Ct. 841, 11 L.Ed.2d 921 (1964); Avery v. Alabama, 308 U.S. 444, 60 S.Ct. 321, 84 L. Ed. 377 (1940).

7. 28 U.S.C. § 1915(a); Coppedge v. United States, 369 U.S. 438, 445, 82 S.Ct. 917, 8 L. Ed.2d 21 (1962); United States v. Visconti, 261 F.2d 215, 218 (2d Cir. 1958), cert. denied, 359 U.S. 954, 79 S.Ct. 743, 3 L.Ed.2d 762 (1959).