THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CARSON SEGER, Defendant-Appellant.

Fourth District   No. 13108

Opinion filed June 24, 1976.

Richard J. Wilson and Theodore A. Gottfried, both of State Appellate Defender's Office, of Springfield, for appellant.

Norbert J. Goetten, State's Attorney, of Carrollton (G. Michael Prall and Stephen M. Deitsch, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE GREEN delivered the opinion of the court:

As the result of his plea of guilty, the defendant Carson Seger was convicted for the offense of murder in 1949. The defendant was sentenced to death. Upon appeal to the Supreme Court, the defendant's conviction and sentence were affirmed. *People v. Seger*, 405 Ill. 222, 90 N.E.2d 637.

Thereafter, execution was stayed in 1950 as the result of judicial proceedings in which the defendant was determined to have become insane and, therefore, unable to comprehend the nature and purpose of the death sentence. The defendant was remanded to the custody of the psychiatric division of the Menard State Penitentiary. In 1974, a competency hearing was held, and the defendant was determined to be mentally capable of understanding the proceedings pending against him

and able to assist his counsel in his defense. Upon the authority of *Furman v. Georgia*, 408 U.S. 238, 33 L. Ed. 2d 346, 92 S. Ct. 2726, the defendant's death sentence had been vacated by the trial court. After a sentencing hearing, the trial court imposed a new sentence of 50 to 120 years' imprisonment with credit to be given for the approximately 25 years the defendant had spent in the custody of the psychiatric division at Menard. The defendant appeals. The sole issue presented concerns the propriety of the defendant's sentence.

The statutory provisions which govern sentencing for murder provide that the minimum term of imprisonment "shall be 14 years unless the court, having regard to the nature and circumstances of the offense and the history and character of the defendant, sets a higher minimum term" (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—1(c)(1)) and that the maximum term shall be any term in excess of 14 years (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—1(b)(1)). With regard to the nature and circumstances of the offense, the opinion of the Supreme Court in *People v. Seger*, 405 Ill. 222, 90 N.E.2d 637, contains a description of the offense involved here. That opinion concludes with the comment that "The records of this court disclose few, if any, more brutal murders than the murder admittedly perpetrated" by defendant. 405 Ill. 222, 236, 90 N.E.2d 637, 645.

With respect to the history and character of the defendant, the record discloses that prior to the offense involved here the defendant had been convicted for two separate automobile thefts in 1946 and 1948. At the resentencing hearing, three prison guards and two other prison officials testified entirely favorably about the defendant. They expressed opinions that the defendant had conducted himself in an exemplary manner during his custody at Menard, that he was a dependable and trustworthy worker who had been entrusted with important duties in the psychiatric division, that he was not a threat to society, and that he would be able to adjust to community life. However, the report by a prison psychologist at Menard was somewhat less positive. That report concluded with the opinion that the defendant "has a reasonably good chance of making a satisfactory adjustment upon release to the community." The trial court in resentencing the defendant specifically found that the defendant was in need of further rehabilitation under supervision of a law enforcement agency, and the court sentenced the defendant to 50 to 120 years' imprisonment.

■■ ■ The principles are well established that the imposition of sentence is largely a matter of judicial discretion, that the trial court is in a superior position to make a sound determination as to the appropriate sentence, and that a court of review will not disturb the sentence imposed by the trial court unless there has been an abuse of discretion. (*People v. Burbank*, 53 Ill. 2d 261, 291 N.E.2d 161, *cert. denied*, 412 U.S. 951, 37 L.

Ed. 2d 1004, 93 S. Ct. 3017.) Additionally, an appropriate consideration by an appellate court in reviewing the propriety of a sentence is the parole eligibility of the defendant. (*People v. Jones,* 12 Ill. App. 3d 643, 299 N.E.2d 77; *People v. Caldwell,* 79 Ill. App. 2d 273, 224 N.E.2d 634.) We note with emphasis that the sentence in the present case seems much less severe when we consider the fact that the defendant has been given credit for about 25 years spent in the psychiatric division at Menard so that he is now eligible for parole (Ill. Rev. Stat. 1973, ch. 38, par. 1003—3—3(a)). Under the circumstances of this case, we find no abuse of discretion in the sentence imposed upon the defendant.

Accordingly, the sentence is affirmed.

Affirmed.

TRAPP, P. J., and SIMKINS, J., concur.