THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* GEORGE H. PETER, JR., Defendant-Appellant.

First District (3rd Division)   No. 63011

Opinion filed November 18, 1976.

Russell J. Hoover and William D. Heinz, both of Jenner & Block, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Iris E. Sholder, and Joan S. Cherry, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE DEMPSEY delivered the opinion of the court:

In this appeal the defendant, George Peter, Jr., contends that the sentence imposed upon him by the trial court is excessive, that it violates the limitation of penalties provision of article I, section 11 of the Constitution of Illinois and the prohibition against cruel and unusual punishment of the Eighth Amendment to the Constitution of the United States.

A jury found Peter guilty of murder and his sentence was fixed at death. His conviction was affirmed (*People v. Peter* (1973), 55 Ill. 2d 443, 303 N.E.2d 398), but the death penalty was vacated because of the decision of the Supreme Court of the United States in *Furman v. Georgia* (1972), 408 U.S. 238. The case was remanded for resentencing and upon remandment the trial court conducted a hearing in aggravation and mitigation. At its conclusion Peter was sentenced to a term of 90 to 180 years in the penitentiary.

The evidence at the murder trial disclosed that in September 1967, Peter, a married man, gave a 14-year-old girl a ride in his automobile and then strangled her and drowned her in the Chicago river. A friend of the defendant testified that Peter had previously discussed with him his plans to pick up a girl and to rape and kill her.

At the resentencing hearing the defendant, who had been in custody since 1967, presented evidence that he had spent his time in prison usefully and was trying to better himself. His father testified that he

visited his son every two weeks; that there was a job available for him if he were paroled; that he had matured since he had gone to prison and had furthered his education, and that he worked in the prison hospital and attended religious services regularly. A chaplain at the prison testified that, in his opinion, the defendant was a good prisoner and showed no bitterness. He told the Parole Board that the defendant could stay at his home if he were paroled.

There was also evidence in aggravation. A presentence report was received in evidence without objection. It revealed that Peter had been indicted for an unrelated rape, had pleaded guilty and had been sentenced to a term of four to five years. He had been returned to the Cook County jail for the rape trial and was away from the penitentiary from September 1969 to October 1970. The presentence report included a psychiatrist's report concerning an interview with the defendant. Among other things, the psychiatrist, who apparently did not know about the rape charge against Peter, noted that he was reluctant to talk about the reasons for his absence from the penitentiary and his court appearance.

There was evidence at the hearing that Peter was less than a model prisoner. Five disciplinary infractions are listed in the record: on August 18, 1972, he unnecessarily beat on the gallery door; on August 30 he broke out four windows of the gallery door; in September 1972, he refused to obey a direct order and was finally given 90 days punishment; in March 1974 contraband was found in his cell and he was given 30 days punishment, and in May 1974 he disobeyed an order from an institutional employee.

In assessing the sentence he thought proper, the trial judge took into consideration all the evidence presented at the hearing. He had presided at the original trial and he characterized the defendant's crime as vicious and cruel. He told the defendant, " * * * your life has been spared but not the life of your victim. * * * You took the life of a fourteen year old child who never had the opportunity to realize a full life."

■■ Although reviewing courts have the power to reduce sentences, the power must be applied with circumspection because the trial court has a superior opportunity in the course of the trial and the hearing in aggravation and mitigation to make a sound determination of what the defendant's punishment should be (*People v. Tobe* (1971),.49 Ill. 2d 538, 276 N.E.2d 294; *People v. Fox* (1971), 48 Ill. 2d 239, 269 N.E.2d 720.) The trial court has an obligation to the public as well as to the defendant and must consider the nature of the offense, the attending circumstances, the character of the accused, the possibility of his rehabilitation, the security of the public and the punishment the offense warrants. (*People v. Jackson* (1972), 3 Ill. App. 3d 574, 277 N.E.2d 900, *aff'd*, 54 Ill. 2d 143, 295 N.E.2d 462.) The imposition of sentence is within the discretion of the trial court

and its decision will not be modified unless the discretion is abused. The authority to reduce sentences is limited to those cases where the punishment is at variance with the fundamental purposes of our laws or is disproportionate to the offense. *People v. Fabian* (1976), 42 Ill. App. 3d 934, 356 N.E.2d 982.

■■ Much of the defendant's argument is devoted to the plea that he may be rehabilitated long before he is eligible for parole, but that he will have to serve at least 20 years before he becomes eligible. Among, the factors that may be considered in determining whether a sentence is excessive is the defendant's eligibility for parole. (*People v. Seger* (1976), 39 Ill. App. 3d 654, 350 N.E.2d 481.) Irrespective of the minimum length of his sentence, Peter is eligible, under our present laws and Department of Corrections Regulations, for parole consideration in 11 years and 3 months. This was pointed out in *People v. Henderson* (1976), 39 Ill. App. 3d 164, 351 N.E.2d 225, where this court, in upholding a 40- to 80-year sentence for murder, said:

> "The power to reduce sentences must be used with caution (*People v. Valentine* (1965), 60 Ill. App. 2d 339, 208 N.E.2d 595), and we see no reason, in contemplation of the Unified Code of Corrections and the Department of Corrections Regulations (Ill. Rev. Stat., 1973, ch. 38, par. 1003—3—3(a)(1); Ill. Dept. of Corr., Admin. Reg. 813) which permit a prisoner—irrespective of the length of his minimum sentence—to be paroled in 11 years and 3 months, to reduce the carefully considered sentence imposed by the judge who observed the defendant during the trial and who heard him testify."

The crime the defendant committed was brutal and premeditated. He deliberately and intentionally took the life of another human being. He was also guilty of a rape which seems to have occurred about the same time as the murder. His prison record is far from flawless and shows something less than full and forthright cooperation with the prison authorities and the psychiatrist who examined him. When the entire record is considered, it is apparent that the matters in aggravation greatly outweigh the matters in mitigation.

■■ There would be no justification for reducing the sentence imposed by the trial court. The sentence is not excessive and does not contravene either the Constitution of Illinois or the Federal Constitution. The sentence is affirmed.

Judgment affirmed.

MEJDA, P. J., and McGLOON, J., concur.