THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CALVIN CAMPBELL, Defendant-Appellant.

First District (4th Division)   No. 78-32

Opinion filed October 26, 1978.

Ralph Ruebner and Steven Clark, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger and Pamela L. Gray, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE LINN delivered the opinion of the court:

Following a jury trial, the defendant, Calvin Campbell, was convicted of two counts of armed robbery and one count of murder (Ill. Rev. Stat. 1973, ch. 38, pars. 18—2 and 9—1), and sentenced to concurrent terms of 10 to 30 years for each of the armed robberies and 100 to 300 years for murder. He appeals, contending that the sentence for murder is excessive. We affirm.

Eddie Pittman testified that on September 21, 1974, at approximately 1 a.m., he and the deceased, Joseph Law, Sr., a Cook County deputy sheriff, were waiting for the elevator in their building residence, located in the Robert Taylor Homes in Chicago. He observed some youths standing near the north stairwell of the building. After a 10-minute wait, he and deceased entered the elevator, and the doors were almost closed when a female voice asked them to hold the elevator. Deceased pushed the "open" button and two young girls and three young men entered. Seconds thereafter, one of the young men, identified as the defendant, caused the elevator to stop by pushing the emergency button. The tallest of the three

youths produced a pistol which he held to deceased's face and announced, "This is a stick-up." A struggle ensued and the tall youth fired; the bullet grazed Pittman's chest. Deceased then stumbled backward and reached for his own gun. The tall youth grabbed deceased's right arm and placed his pistol on the elevator floor. The heaviest youth grabbed deceased by the other arm. While deceased was being held by two of his assailants, the defendant picked the gun up from the floor, stuck it into deceased's side, and fired. As deceased fell, his own gun discharged and one of the girls yelled, "My arm, my arm." The defendant reached down, took deceased's gun, and put it in his pants. At this point Pittman attempted to open the door, but defendant told him to leave it alone or he would get the same.

The defendant released the elevator button and it started to move. He then aimed his gun at Pittman's face and demanded his money. He took $2 from Pittman while the other youths were going through deceased's pockets. The defendant urged them to hurry up, and then went through some of the pockets himself. The elevator doors opened on the 10th floor and the five people fled. Pittman went to an apartment and called the police. Pittman then went to Provident Hospital for treatment of his powder burn wound, and while there Mr. Law was pronounced dead on arrival from a bullet wound through his chest, heart and lung.

Defendant contends that his sentence of 100 to 300 years for murder is excessive because of his youthful age of 18 years at the time of the offense and because it precludes incentive for rehabilitation and useful citizenship. The defendant was on probation for theft when this incident occurred. The record describes a decidedly wanton and wilful act of criminal behavior on the part of the defendant. The court in sentencing defendant stated:

> "* * * [T]his was a case where two men were holding Joseph Law, Sr., that one of them had placed his gun on the floor of the elevator to avoid what happened, and that Calvin Campbell picked this gun up and placed it at a point where its only intent and purpose was to destroy the life of Joseph Law, Sr., and I don't intend to deprecate the seriousness of the offense, and I will impose sentence accordingly."

■■ ■ Criminal penalties are to be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship. (Ill. Const. 1970, art. I, §1.) The trial court must also consider the nature of the offense, the attending circumstances, the character of the accused, the possibility of his rehabilitation, the security of the public and the punishment the offense warrants. (*People v. Jackson* (1972), 3 Ill. App. 3d 574, 277 N.E.2d 900, *aff'd* (1973) 54 Ill. 2d 143, 295 N.E.2d 462.) The imposition of the sentence is within the discretion of the

trial court and its decision will not be altered upon review unless the discretion is abused. (*People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882.) Although reviewing courts have the power to reduce sentences, the authority is limited to those cases where the punishment is at variance with the fundamental purposes of our laws or is disproportionate to the offense. *People v. Peter* (1976), 43 Ill. App. 3d 1068, 358 N.E.2d 31.

In the instant case we do not find any abuse of discretion by the trial court. (*People v. Dees* (1977), 46 Ill. App. 3d 1010, 361 N.E.2d 1126.) Moreover, it is clear that defendant's parole eligibility is not affected thereby. *People v. Peter.*

For the reasons stated, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

JOHNSON, P. J., and ROMITI, J., concur.