**AMERICAN SAMOA GOVERNMENT, Plaintiff**

**v.**

**KING V. TALAMONI, Defendant**

High Court of American Samoa
Trial Division

CR No. 58-94

February 21, 1995

Before RICHMOND, Associate Justice, TAUANU`U, Chief Associate Judge, and BETHAM, Associate Judge

Counsel: For Plaintiff, Henry J. Kappel, Assistant Attorney General
For Defendant, Barry I. Rose

Order Denying Motion to Quash Subpoena:

The motion by plaintiff American Samoa Government ("ASG") to quash the subpoena served on Jerry Messenbourg ("Messenbourg") came regularly for hearing on January 30, 1995. Both parties were represented by counsel.

By an information filed on October 31, 1994, defendant King Talamoni ("Talamoni") stands accused by ASG of committing the crimes of stealing, and public servant acceding to corruption. These charges relate to events allegedly occurring while Talamoni, as a police officer, was investigating criminal accusations against Mata Tolupauga ("Tolupauga"). Messenbourg, as an assistant attorney general, handled both this investigation and, until January 20, 1995, this prosecution.

On December 28, 1994, when Messenbourg was still the prosecutor in this case, Talamoni had Messenbourg served with a subpoena to testify at trial, now scheduled to begin on February 28, 1995. On January 20, 1995, ASG filed this motion to quash Messenbourg's subpoena. Messenbourg left ASG's employment on the same day and departed the territory the next day.

■ Under Article I, Section 6 of the Revised Constitution of American Samoa, a defendant accused of a crime is guaranteed the right to compel the attendance of witnesses in his/her favor. This is the territorial counterpart of the Sixth Amendment of the United States Constitution and assures an accused the right to present evidence which he/she believes will negate the government's evidence or support his/her defense. *United*

*States v. Seeger*, 180 F. Supp. 467, 468 (S.D.N.Y 1960).

■ However, a subpoena may be quashed if a trial court determines the subpoena to be an oppressive and unreasonable use of the process of the court. *Amsler v. United States*, 381 F.2d 37, 51 (9th Cir. 1967). ASG contends that Talamoni subpoenaed Messenbourg in an attempt to delay the proceedings and harass the prosecution, but we disagree. The subpoena was served well in advance of the trial date, and Talamoni has adequately shown that Messenbourg's testimony might be relevant to his defense.

■ Normally, the relevance of a witness's testimony is decided by the trial judge after the witness has been sworn and objections have been made. To find that a witness's testimony is irrelevant before trial could "deprive the defendant of the constitutional right to compulsory process under the Sixth Amendment and his right to a fair trial under the due process clause of the Fifth Amendment." *Seeger*, 180 F. Supp. at 468.

Talamoni claims that because he is being charged with crimes requiring proof that, in one count, he purposely deprived Tolupauga of his money and, in the other count, he knowingly solicited Tolupauga's money in return for action as a public servant, Messenbourg's testimony regarding conversations with Talamoni about prosecution of the Tolupauga case is relevant to deciding whether Talamoni had the requisite intent. Since the Fifth Amendment protects Talamoni from having to testify, the only other means to offer conversations between Talamoni and Messenbourg into evidence is to subpoena Messenbourg to testify.

ASG claims that Talamoni is calling Messenbourg as a witness in an attempt to disqualify the prosecutor of his case, but this argument holds no present merit, since Messenbourg is no longer employed as an ASG prosecutor.

ASG further claims that Messenbourg's decision not to prosecute the Tolupauga case is neither discoverable by Talamoni nor relevant to this criminal matter, and that any attempt by the court to review the process behind that decision would be a violation of the separation of powers. However, in this case, review or alteration of a decision involving prosecutorial discretion is not the issue. We are simply permitting Talamoni to subpoena Messenbourg as a witness in order to assist in ascertaining the true characterization of Talamoni's acts.

For these reasons, we deny ASG's motion to quash the subpoena served on Messenbourg.

It is so ordered.