**Alan Eugene REED, Petitioner,**

v.

**UNITED STATES of America,
Respondent.**

**Civ. No. 6196 Phx.**

United States District Court
D. Arizona.

Oct. 31, 1968.

Michael A. Bosco, Jr., Phoenix, Ariz., for petitioner.

Richard C. Gormley, U. S. Atty., Phoenix, Ariz., for respondent.

### FINDINGS OF FACT
### CONCLUSIONS OF LAW
### AND ORDER

CRAIG, District Judge.

Pursuant to § 2255 Title 28 U.S.C., petitioner in forma pauperis seeks to have his sentence vacated upon the grounds of mental incapacity at the time the acts asserted in the indictment were committed, and upon the further ground of mental incapacity to assist counsel at the time of trial.

After a trial by jury, and on July 7, 1965, petitioner was convicted on each count of a three-count indictment for violation of Title 18 U.S.C. § 1201 (kidnapping). The judgment of conviction was appealed, and on August 9, 1966, the judgment was affirmed by the United States Court of Appeals for the Ninth Circuit. Reed v. United States, 364 F.2d 630.

On December 6, 1966, petitioner in forma pauperis filed his petition to vacate sentence, and for the first time raised the issue of his competency at the time the acts charged in the indictment were committed and at time of trial. The petition to vacate sentence was denied.

Petitioner again appealed. The Court of Appeals for the Ninth Circuit, on March 6, 1968, felt constrained to reverse upon the grounds that no hearing was granted upon the petition, and that peti-

tioner should have the opportunity to prove his mental condition in order to possibly come within the provisions of Title 18 U.S.C. § 4244. Reed v. United States, 391 F.2d 4.

Thereafter two duly licensed and qualified psychiatrists, Maier I. Tuchler, M.D., and Harrison M. Baker, M.D., were appointed by this Court to examine petitioner in order to determine whether the petitioner presently discloses any mental condition or disease which, with reasonable medical certainty, could have been present at the time of the occurrences upon which the indictment was based, and at the time of trial, and to further determine whether the injuries assertedly sustained by the petitioner as stated in his petition were of a nature which could cause mental incompetency, either at the time of the occurrences upon which the indictment was based, or at the time of trial, to the extent that the petitioner was not aware of participating in the occurrences upon which the indictment was based, and was unaware of proceedings at trial, and unable to assist counsel in his own defense.

Thereafter this Court ordered an electroencephalogram to be performed upon petitioner to aid the two psychiatrists previously appointed in reaching a conclusion as to the mental condition of petitioner.

Subsequently on September 30, 1968, a hearing was held upon the application of petitioner, petitioner being represent- which time each testified.

Prior to the hearing petitioner, pursued by counsel, at which time the report of the psychiatrists was received, and at ant to Rule 17(b) Federal Rules of Civil Procedure, requested the presence of nine witnesses to testify upon his behalf with respect to certain injuries assertedly received by petitioner at various custodial institutions, and with respect to his behavior at said institutions. Of the nine witnesses requested to be transported at government expense, four are incarcerated at the California State Prison at San Quentin; two are incarcerated at the Federal Prison at Atlanta, Georgia; two are incarcerated at the Federal Prison at Lewisburg, Pennsylvania; and one is incarcerated at the New Jersey State Prison. Petitioner's request was denied for the reason that, in view of the mental examination of the petitioner by two competent psychiatrists; the electroencephalogram examination; and the psychiatric report of Dr. Bernard Berkowitz, Chief, Psychiatric Services at the United States Penitentiary, Lewisburg, Pennsylvania, the latter report having been before this Court at the time the petition was denied on December 6, 1966, and assuming petitioner received injuries as asserted, the testimony of nine convicted felons would not materially assist the Court in reaching a decision as to petitioner's mental competency at the time of the acts charged, at the time of trial or presently. This Court has had the opportunity to observe petitioner at his arraignment, during the course of trial, at time of sentence, and at the hearing upon petitioner's current petition.

Following the hearing upon petitioner's application, memoranda were submitted by counsel for petitioner and the United States Attorney.

From the psychiatric report following examination by the two qualified psychiatrists, the results of the electroencephalogram, the report of the Chief of Psychiatric Services at the Penitentiary at Lewisburg, Pennsylvania, the testimony of the two psychiatrists at the current hearing, and the personal observation of this Court on four separate occasions over a period of three years, it is the conclusion and finding of this Court that there is no present evidence of trauma or mental disease which could have caused mental incapacity to understand the consequences of the acts originally charged against petitioner at the time said acts were committed, nor which could have affected petitioner's ability to assist counsel at trial. There is no evidence of mental disease or defect presently, or which could have existed at the time the acts charged in the indictment were committed, or which could have

existed at the time of trial, which at any time would have placed petitioner in a position to lack substantial capacity either to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of law or to understand the consequences of his act or to assist his counsel at trial. Petitioner has no mental disease or defect, other than an anti-social character disorder.

Were this Court to apply the rule recommended in the Model Penal Code of the American Law Institute (§ 4.01), or the rule spelled out in United States v. Freeman, 2 Cir., 357 F.2d 606, the result would be the same. It is the opinion of this Court that under the circumstances of this case, In re Oliver, 333 U.S. 257, 68 S.Ct. 499, 92 L.Ed. 682, and United States v. Seeger, D.C., 180 F.Supp. 467, are not applicable.

The foregoing shall constitute the findings of fact and conclusions of law of this Court.

Wherefore, it is ordered the application of petitioner is denied.