**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Barnetta GADDIS,
Defendant–Appellant.**

No. 88–2317.

United States Court of Appeals,
Seventh Circuit.

Argued May 17, 1989.

Decided Dec. 4, 1989.

James G. Richmond, U.S. Atty., Andrew B. Baker, Jr., Asst. U.S. Atty., Office of the U.S. Atty., Hammond, Ind., Richard A. Cook, Asst. U.S. Atty., South Bend, Ind., for U.S.

Douglas D. Small, Barnes & Thornburg, South Bend, Ind., J. Patrick Smith, Smith & Smith, La Porte, Ind., for Barnetta Gaddis.

Before WOOD, Jr., and POSNER, Circuit Judges, and ESCHBACH, Senior Circuit Judge.

PER CURIAM.

Previously, in *U.S. v. Gaddis,* 877 F.2d 605 (7th Cir.1989), we considered the consolidated appeals of William Gaddis and Barnetta Gaddis from their convictions for criminal conspiracy and postal money order alteration.[1] In so doing, we rejected all allegations of error from William Gaddis and entered an opinion affirming his conviction. However, because the record was insufficient to enable us to properly determine whether Barnetta's rights were violated by the denial of her motion to preclude the government from calling her handwriting expert, retained under Rule 17(b) of the Federal Rules of Criminal Procedure, as a witness, we retained jurisdiction of the case and remanded it back to the district court. On remand, the district court held an evidentiary hearing concerning the filing of Barnetta's Rule 17(b) motion. Based on the facts revealed by this hearing and the findings of Judge Miller, we affirm the conviction of Barnetta Gaddis.

## I

In connection with the preparation of her defense for conspiracy and postal money order alteration, Barnetta sought to retain a handwriting expert who could rebut testimony to be offered at trial by the govern-

---

**1.** Both defendants were convicted of one count of criminal conspiracy in violation of 18 U.S.C. § 371 and seven counts of postal money order alteration in violation of 18 U.S.C. § 500.

ment's handwriting expert.[2] However, since Barnetta could not afford to pay the expert's fee, her attorney, Douglas D. Small, prepared a motion and memorandum, pursuant to Rule 17(b) of the Federal Rules of Criminal Procedure and § 3006A(e) of the Criminal Justice Act, requesting the district court to authorize the issuance of a subpoena and the payment of expenses for a handwriting expert.[3]

Believing that the filing of the motion with the clerk's office would disclose the identity of Barnetta's expert to the government, Mr. Small, or someone acting at his direction, attempted to file the 17(b) motion directly with United States District Court Judge Robert L. Miller, Jr. The motion was received by Judge Miller's law clerk, Barbara Brook, who, in turn, was instructed by Judge Miller to disregard the motion unless accompanied by authority calling for this unorthodox filing process. At Judge Miller's direction, Mrs. Brook telephoned Mr. Small and, in the course of their conversation, indicated that without authority the motion could not be submitted directly to Judge Miller but instead would have to be filed with the clerk's office. Mr. Small, understanding this statement to mean that he could not file his Rule 17(b) motion *ex parte*, made an open filing of his motion with the clerk's office with a copy served upon the government.

Though the district court granted the 17(b) motion enabling Barnetta to retain Richard L. Shipp as her handwriting expert, the copy served upon the government revealed to it the identity of Barnetta's expert and the necessity for his employment.

After being retained, Shipp examined the handwriting samples implicating Barnetta and concluded that she was their probable author. Consequently, Barnetta did not plan to call Shipp as an expert witness. At trial, however, the government asked Small if he intended to call Shipp as a witness. When Small indicated that he would not be calling Shipp, the government informed him that it would call Shipp as a rebuttal witness against Barnetta. Small then made a motion for a mistrial or for an order precluding the government from calling Shipp as a witness. The district court denied these motions. To minimize the damaging nature of Shipp's testimony and to prevent the government from calling him on rebuttal, Barnetta chose to call Shipp as a witness. Upon direct examination by Barnetta, Shipp testified that Barnetta was the probable author of the writings implicating her in the criminal undertaking. A jury found Barnetta guilty of all counts of her indictment.

## II

Barnetta here asserts that the district court's failure to preclude the government from calling her handwriting expert, retained under Section 3006A(e) of the Criminal Justice Act and Rule 17(b) of the Federal Rules of Criminal Procedure violated her due process and equal protection rights. The basis of this assertion stems from her claim that since the district court's applica-

---

**2.** For a thorough account of the facts leading to the arrest of Barnetta Gaddis *see U.S. v. Gaddis,* 877 F.2d 605 (7th Cir.1989).

**3.** Federal Rule of Criminal Procedure 17(b) provides:

> Defendants Unable to Pay. The court shall order at any time that a subpoena be issued for service on a named witness upon an *ex parte* application of a defendant upon a satisfactory showing that the defendant is financially unable to pay the fees of the witness and that the presence of the witness is necessary to an adequate defense. If the court orders the subpoena to be issued the costs incurred by the process and the fees of the witness so subpoenaed shall be paid in the same manner in which similar costs and fees

are paid in case of a witness subpoenaed in behalf of the government.

18 U.S.C. § 3006A(e) (1985). Section 3006A(e)(1) of the Criminal Justice Act states that:

> Counsel for a person who is financially unable to obtain investigative, expert, or other services necessary for an adequate defense may request them in an *ex parte* application. Upon finding, after appropriate inquiry in an *ex parte* proceeding, that the services are necessary and that the person is financially unable to obtain them, the court, or the United States magistrate if the services are required in connection with a matter over which he has jurisdiction, shall authorize counsel to obtain the services.

tion of Rule 17(b) requires movants to reveal the identity of their consulting experts to the government and since only indigent defendants need to employ Rule 17(b) to retain consulting experts, then the application of Rule 17(b) invidiously discriminates against indigent defendants. This is so, the argument goes, for wealthy defendants, who need not employ Rule 17(b), may retain consulting experts without revealing their identity to anyone.

If this argument were supported by facts in the revised record, a colorable constitutional claim might be raised. However, since neither Rule 17(b) nor subsection (e), as applied to the facts of this case by Judge Miller, caused the disparate treatment of the indigent defendant, Barnetta Gaddis, this court need not address any constitutional claim.

### III

Prior to the 1966 amendment to Rule 17(b),[4] for an indigent defendant to secure at government expense the issuance of a subpoena the defendant was required to make a motion supported by an affidavit, stating; the name and address of the witness, the testimony expected to be elicited from the witness, and the materiality of the witness' testimony. This procedure was not conducted *ex parte*, and consequently, while the government and wealthy defendants were able to have subpoenas issued in blank, indigent defendants were required to disclose their defense theory to the government.[5] Recognizing that requiring an indigent defendant to disclose his defense strategy to his government adversary may be constitutionally objectionable, Rule 17(b) was amended in 1966.[6] "That

amendment removed the constitutionally objectionable procedure from the provisions of Rule 17(b) ... and substituted the constitutionally unobjectionable procedure of permitting such disclosure to be made to the court *ex parte*."[7] Thus, since 1966 indigent defendants, in requesting the issuance of a subpoena and the payment of witness expenses, need reveal their defense theory only to an impartial court and not to their government adversary.

### IV

Since it is clear that, as amended, Rule 17(b)'s *ex parte* filing provision puts indigent defendants in a nearly equal position with non-indigent defendants, what is truly at issue here is whether the district court departed from the *ex parte* requirement of the procedure prescribed by Rule 17(b) in a manner which constituted prejudicial error. Clearly, the facts revealed through the evidentiary hearing ordered by this Court indicate that the district court in no way departed from Rule 17(b)'s *ex parte* filing provision.

The disclosure of the identity of Barnetta's expert to the government was not caused by any misconduct by the district court. Instead it was caused by Barnetta's failure to file her Rule 17(b) motion in an *ex parte* manner. Barnetta's counsel's attempt to leave his Rule 17(b) motion with the law clerk in chambers was not a "filing" in any technical sense and Judge Miller's refusal to accept the motion, as presented, was appropriate. Defense counsel's decision, however, based upon his conversation with a law clerk, to thereafter make an open filing of his 17(b) motion was

---

4. Prior to the 1966 amendment, Rule 17(b) provided:

   Indigent Defendants. The court or a judge thereof may order at any time that a subpoena be issued upon motion or request of an indigent defendant. The motion or request shall be supported by affidavit in which the defendant shall state the name and address of each witness and the testimony which he is expected by the defendant to give if subpoenaed, and shall show that the evidence of the witness is material to the defense, that the defendant cannot safely go to trial without the witness and that the defendant does not have

sufficient means and is actually unable to pay the fees of the witness.

5. *See* Report of the Attorney General's Committee on Poverty and the Administration of Criminal Justice p. 27 (1963).

6. *See* Notes of Advisory Committee on Rules, 1966 Amendment.

7. *United States v. Espinoza*, 641 F.2d 153, 158 (4th Cir.1981) *cert. denied*, 454 U.S. 841, 102 S.Ct. 153, 70 L.Ed.2d 125 (1981).

inappropriate and was the proximate cause of the government's discovery of the expert's identity.

Had the motion been properly "filed" in an *ex parte* manner, no disclosure would have occurred. To do so in the Northern District of Indiana counsel could have either presented the motion to the clerk's office under seal or presented it accompanied by a motion to seal.

We need not define all other methods which constitute an appropriate *ex parte* filing. It is sufficient to note that in the present case Barnetta failed to file her 17(b) motion in an *ex parte* manner and this failure caused the revelation of the expert's identity to the government.

Since the court strictly complied with the constitutionally acceptable *ex parte* requirement of the procedure prescribed by Rule 17(b) and any disclosure of Barnetta's defense to the government adversary resulted from Barnetta's own action, the conviction of Barnetta Gaddis is AFFIRMED.