962 F.2d 11
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert L. JOHNSON, Defendant-Appellant.
 No. 91-1430.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 24, 1992.*
Decided May 12, 1992.
 
 1
 Before RIPPLE, and MANION, Circuit Judges, and GRANT, Senior District Judge.**
 
 ORDER
 
 2
 Appellant Robert L. Johnson appeals from the order sentencing him to 33 months in custody. He specifically challenges the district court's denial of his request to present witnesses at the sentencing hearing at the government's expense. We affirm.
 
 I. Background
 
 3
 Robert Johnson was named in an eight-count amended information charging him with money laundering (18 U.S.C. § 1956(a)(3)(B)) and knowingly causing and attempting to cause a bank to file a currency transaction report with material misstatements (31 U.S.C. §§ 5322(a), 5324(2)). On September 4, 1990 he entered a guilty plea to counts 5 and 8, which were violations of 31 U.S.C. §§ 5322(a) and 5324(2).
 
 
 4
 Because of the defendant's age and poor health,[1] the court ordered a medical evaluation before sentencing. The report submitted to the court by the United States Medical Center for Federal Prisoners on February 6, 1991 indicated that the facilities of the Bureau of Prisons could accommodate Mr. Johnson's medical needs.
 
 
 5
 On February 11, 1991 the defendant filed a motion for payment of expenses of witnesses (eight Medical Center staff members and one journalist) to testify at the sentencing hearing. The court denied the motion on February 14, 1991, but gave the defendant another opportunity at the hearing to address the relevance of the witnesses' testimony and the timeliness of his motion.
 
 
 6
 At the sentencing hearing held February 15, 1991, the court reconsidered the defendant's arguments for presenting the witnesses and denied Mr. Johnson's request for their appearance. It then evaluated the appropriateness of departure in light of the medical facilities available at the prison. Determining that a departure from the Sentencing Guidelines was not warranted, the court sentenced Mr. Johnson to 33 months imprisonment. Mr. Johnson's notice of appeal of the sentencing order was timely filed February 25, 1991.[2]
 
 II. Sentencing
 
 7
 The appellant argues before this court that the witnesses he wanted to appear at the sentencing hearing were necessary to refute the government's medical expert claims and to show that departure was warranted because he could not be adequately treated in a federal prison medical facility. Our review of the record indicates that there is no merit to Mr. Johnson's position.
 
 
 8
 Rule 17(b) of the Federal Rules of Criminal Procedure[3] requires the government to subpoena witnesses on behalf of indigent defendants, but only upon a satisfactory showing that the presence of the witness is necessary to an adequate defense. United States v. Valenzuela-Bernal, 458 U.S. 858, 867, 102 S.Ct. 3440, 3446, 73 L.Ed.2d 1193 (1982). The same showing is required under 18 U.S.C. § 3006A(e)(1):[4] The court is authorized to pay the expenses involved in obtaining witnesses only after it finds that the requested services are necessary and that the defendant is indigent. United States v. Morrison, 946 F.2d 484, 490 (7th Cir.1991). The decision to grant or deny such a request is committed to the discretion of the trial court and will be overturned only for abuse of discretion. Id. The district court is generally in the best position to decide whether the proferred testimony is necessary for an adequate defense. United States v. Blade, 811 F.2d 461, 467 (7th Cir.), cert. denied, 484 U.S. 839 (1987).
 
 
 9
 In a thorough and well-reasoned opinion, the district court made the following findings concerning the defendant's motion: (1) It did not allege indigency. (2) It did not estimate the cost of obtaining the requested witnesses. (3) It was based on bare allegations. (4) It was untimely. (5) It did not explain why these witnesses were necessary to an adequate defense.[5] In spite of these great insufficiencies, which led the court to deny defendant's motion, the district judge gave Mr. Johnson another chance to make the appropriate showing at the sentencing hearing. After considering Mr. Johnson's testimony at the hearing, the judge still did not find that the witnesses were required and denied the motion once again.
 
 
 10
 Mr. Johnson was given ample opportunity to show that the witnesses were necessary and that his sentencing was unfair without their testimony. He failed to carry his burden. His medical conditions were well documented for the court; furthermore, the defendant himself capably explained his health problems and medical needs. See Blade, 811 F.2d at 467. Therefore, the testimony of medical personnel at the evaluation facility was superfluous. Even more unnecessary was the reporter's testimony, which could bear only on the general point of health care in federal prisons and not on the defendant's personal circumstances.
 
 
 11
 Before both the district court and this appellate court the defendant failed to articulate a reasonable basis for his request for witnesses. United States v. Norwood, 798 F.2d 1094, 1100 (7th Cir.), cert. denied, 479 U.S. 1011 (1986). Without a showing that his sentencing was unfair without the necessary testimony of the witnesses, Mr. Johnson can prove no error on the part of the district court.
 
 
 12
 The appellant briefly asserted that he was denied his sixth amendment right to confront the witnesses against him. However, there is no sixth amendment violation at sentencing when, for example, a judge considers unsworn testimony, see United States v. Blythe, 944 F.2d 356, 363 (7th Cir.1991), or refuses to allow cross-examination of a witness, see United States v. Allen, 797 F.2d 1395, 1401 (7th Cir.), cert. denied, 479 U.S. 856 (1986). A sentencing hearing is not a trial; the court need not hear live witnesses or admit evidence to support every assertion being made. See United States v. Agyemang, 876 F.2d 1264, 1271 (7th Cir.1989). Without a basis in fact before us, we will not consider further Mr. Johnson's bare allegation of constitutional violation.
 
 
 13
 Appellant's cursory claim of a fifth amendment due process violation is inapposite as well. A sentencing hearing satisfies due process if it is sufficient to allow the district court to "exercise its sentencing discretion in an enlightened manner." Id. at 1270. Mr. Johnson did not support his due process allegation with facts from the record. Therefore we do not need to address any constitutional claim. See United States v. Gaddis, 891 F.2d 152, 154 (7th Cir.1989) (per curiam).
 
 III. Conclusion
 
 14
 The district court did not abuse its discretion in denying the appellant's motion for government payment of witnesses' expenses. The judgment and sentence imposed on Mr. Johnson are AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 **
 Hon. Robert A. Grant, Senior District Judge for the Northern District of Indiana, is sitting by designation
 
 
 [1]
 Mr. Johnson is 63 years old and suffers from emphysema, angina, diabetes mellitus, congestive heart failure, Bell Palsy, podiatric problems and incontinence. At the first sentencing hearing he argued that the court should depart from the Sentencing Guidelines and order a sentence of home confinement. As a consequence, the court sent him for an extensive medical examination
 
 
 [2]
 The question of jurisdiction having been considered and resolved by the motions panel of the Seventh Circuit, see Order of April 22, 1991, we will not address the issue again
 
 
 [3]
 Fed.R.Crim.P. 17(b) provides:
 The court shall order at any time that a subpoena be issued for service on a named witness upon an ex parte application of a defendant upon a satisfactory showing that the defendant is financially unable to pay the fees of the witness and that the presence of the witness is necessary to an adequate defense....
 
 
 [4]
 18 U.S.C. § 3006A(e)(1) provides:
 Counsel for a person who is financially unable to obtain investigative, expert, or other services necessary for adequate representation may request them in an ex parte application. Upon finding, after appropriate inquiry in an ex parte proceeding, that the services are necessary and that the person is financially unable to obtain them, the court ... shall authorize counsel to obtain the services.
 
 
 [5]
 The district court quite generously extended the protections guaranteed to indigents at trial under Rule 17(b) and § 3006A(e) to the sentencing hearing. Recognizing that the request for payment of witnesses does not relate to Mr. Johnson's "defense," it nevertheless considered authorizing the expenditures for witnesses at sentencing. But see Reed v. United States, 291 F.Supp. 437, 438 (D.Ariz.1968)