# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 12-20287
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 9, 2014

Lyle W. Cayce
Clerk

WILLIAM SOLOMON LEWIS,

Plaintiff-Appellant

v.

SERGEANT BANKHEAD; SHERIFF ADRIAN GARCIA; HARRIS COUNTY,
TEXAS,

Defendants-Appellees

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CV-4940

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant William Solomon Lewis, currently federal prisoner #
73998-279, filed a 42 U.S.C. § 1983 complaint against Harris County, Texas,
Sheriff Adrian Garcia, and Sergeant Kenneth Bankhead, alleging an
unwarranted use of force while Lewis was detained in the Harris County Jail.
The magistrate judge (MJ) granted summary judgment in favor of the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 12-20287

defendants based on Lewis's failure to exhaust administrative remedies. Lewis appeals that ruling and challenges the denial of his motion for relief from the judgment, filed pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.

We review the grant of summary judgment de novo. *Cousin v. Small*, 325 F.3d 627, 637 (5th Cir. 2003). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Here, the defendants were required to show that Lewis failed to exhaust available remedies. *See Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010).

Lewis concedes that he did not comply with the two-step grievance process prescribed by the Harris County Jail, electing instead to pursue an Internal Affairs investigation. He maintains, however, that the grievance process was not "available" to him because, after assaulting him, Bankhead threatened to retaliate against him if he filed a grievance. Lewis failed to allege that threats were made against him, however, until he submitted his Rule 60(b) motion. Such motions may not be used to raise issues that could have been presented earlier; so the MJ did not abuse her discretion in denying the Rule 60(b) motion based on Lewis's untimely claim of retaliation. *See Simon v. United States*, 891 F.2d 154, 1159 (5th Cir. 1990) (addressing defense raised for the first time in a motion filed under Rule 59(e) of the Federal Rules of Civil Procedure).

Lewis also contends that his initiation of an Internal Affairs investigation satisfied the exhaustion requirement. The Prisoner Litigation Reform Act requires inmates to comply with the rules set forth in the administrative review process, which are defined "by the prison grievance process itself." *Jones v. Bock*, 549 U.S. 199, 218 (2007). The Harris County

No. 12-20287

Jail grievance procedure, a copy of which was furnished to Lewis, indicated that it should be used by prisoners complaining of civil rights violations, criminal acts, or improper actions by staff members. Lewis cites to no authority authorizing the circumvention of the grievance process through the use of some other investigatory procedure.

For the first time in his reply brief, Lewis asserts that the jail's grievance process does not comply with the Texas Administrative Code. We need not address this contention, however, as it was not presented in the initial brief. *See Turner v. Kansas City S. Ry. Co.*, 675 F.3d 887, 892 n.3 (5th Cir. 2012). Moreover, courts do not consider "whether administrative procedures satisfy minimum acceptable standards of fairness and effectiveness." *Alexander v. Tippah Cnty.*, 351 F.3d 626, 630 (5th Cir. 2003) (internal quotation marks and citation omitted).

Lewis also asserts that the MJ erred by denying his requests for discovery, claiming it would have revealed that he had reported Bankhead's threats to Internal Affairs. He further contends that the MJ should have held an evidentiary hearing on the question whether Bankhead issued substantial threats of retaliation. As Lewis waived his argument relating to threats by failing to raise it until after the entry of judgment, he has not established that the MJ abused her discretion in denying discovery or failing to hold a hearing. *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994); *Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994); *Simon*, 891 F.2d at 1159. Lewis has failed to show any reversible error, so the judgment is AFFIRMED.