THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ANTHONY SHEPPARD, Defendant-Appellant.

Fifth District   No. 5—88—0008

Opinion filed January 17, 1990.

Daniel M. Kirwan, of State Appellate Defender's Office, of Mt. Vernon, and Lori Lanciani Mosby, of State Appellate Defender's Office, of Springfield, for appellant.

John Baricevic, State's Attorney, of Belleville (Kenneth R. Boyle, Stephen E. Norris, and Debra A. Buchman, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE RARICK delivered the opinion of the court:

Defendant, Anthony Sheppard, was convicted after a jury trial of armed robbery and sentenced by the circuit court of St. Clair County to 12 years' imprisonment. Defendant appeals his conviction and sentence.

On the evening of December 30, 1986, at approximately 9 p.m., a man walked into Mick's Liquors in Lebanon, Illinois, looked around

the store, and left. He returned shortly thereafter with another man. Both were carrying small caliber handguns. The two men positioned themselves by the cash register and announced they intended to rob the store. The owner of the store attempted to open the cash register but was unable to do so. One of the men who earlier had positioned himself behind the counter shot the owner in his thigh, took some lottery proceeds off the counter and ran out with the other man. Neither the owner nor his wife was able to describe the assailants in any detail. The owner's wife had been sitting during the course of the robbery in a chair behind the man who shot her husband. The police suspected an individual named Wendell Taylor was involved in the robbery. Taylor denied any involvement, and neither the store owner nor his wife could identify him in a lineup of possible suspects. Taylor was picked up later on unrelated charges, however, and at that time agreed to tell the police what he knew about the robbery. Taylor informed the police he, defendant, and a man nicknamed "Pig" drove to Lebanon to commit a robbery. Defendant and Pig robbed the store while he drove the car. Taylor claimed defendant told him he shot a man because the register would not open. Taylor's story was corroborated in part by the Churches, a couple who live approximately a block away from Mick's Liquors. The Churches noticed a car with three men inside parked in front of their house at approximately 9 p.m. on December 30. Two of the men ran down the street while the third stayed by the car. The man standing next to the car later backed the car up the street, picked up the other two men and drove away. The Churches were unable to identify the men, but the description of the car matched that of the vehicle Taylor claimed to be driving that evening. Defendant was arrested and identified by the store owner as the man who shot him. The owner's wife, however, could not identify defendant. Defendant denied any participation in the robbery. He claimed he had been in the liquor store several times recently as he was dating a woman in the area and believed that was the reason why the store owner recognized him. He also testified the only person he knew nicknamed Pig was a female. The jury chose not to believe defendant's exculpatory testimony.

Defendant first argues on appeal the prosecutor's closing argument denied him a fair trial. Defendant believes the prosecutor not only mischaracterized the evidence but also misstated the law with regard to the burden of proof and the presumption of innocence. Specifically, defendant points out the prosecutor erroneously explained the reason why the store owner's wife was not able to iden-

tify defendant was because she was seated behind him and could not see his face when in fact she saw the two men as they entered the store. Defendant believes the prosecutor's explanation removed any doubt as to defendant's identification as a participant in the crime. He further asserts the prosecutor improperly stated defendant had a motive to lie and knew he had to say something on the stand to refute the others' testimony. According to defendant, such comments undermined his presumption of innocence and misconstrued the burden of proof. We disagree.

■ It is well established that prosecutors are afforded wide latitude in closing argument, and absent clear abuse of discretion, a trial court's determination as to the propriety of such arguments will not be disturbed on review. (See *People v. Thompkins* (1988), 121 Ill. 2d 401, 445-46, 521 N.E.2d 38, 57; *People v. Lasley* (1987), 158 Ill. App. 3d 614, 625, 511 N.E.2d 661, 670.) Even improper remarks will not result in a reversal of a defendant's conviction unless they represent a material factor in that conviction. *Thompkins*, 121 Ill. 2d at 445, 521 N.E.2d at 57; *People v. Jung Oh Kim* (1986), 148 Ill. App. 3d 191, 197, 498 N.E.2d 831, 836.

■ Initially, we note defendant here failed to object either at trial or in a post-trial motion to the alleged improprieties in the prosecutor's closing argument. Defendant therefore has waived any possible objections. (*People v. Enoch* (1988), 122 Ill. 2d 176, 186, 522 N.E.2d 1124, 1130; *People v. Collins* (1985), 106 Ill. 2d 237, 275, 478 N.E.2d 267, 283.) Defendant recognizes this but argues that collectively the prosecutor's comments constituted plain error. And if not, defendant then contends he was denied effective assistance of counsel. Neither is the case here. Not only did the comments not constitute plain error so as to threaten deterioration of the judicial process or deny defendant a fair trial (see *People v. Albanese* (1984), 104 Ill. 2d 504, 518, 473 N.E.2d 1246, 1251; *People v. Baynes* (1981), 88 Ill. 2d 225, 230-31, 430 N.E.2d 1070, 1072-73), they were not erroneous at all. The prosecutor's comments all fell within the bounds of proper argument. First, the prosecutor did not misstate the evidence submitted by the store owner's wife. She testified she really did not pay attention to the two men as they entered the store, and that she was unable to identify any of the men in the lineup as the man who shot her husband because she never saw his face. She unequivocally stated she was sitting in back of the one that had held the gun on her husband. The prosecutor's argument constituted nothing more than a permissible inference from this evidence. (See, *e.g., People v. Reyes* (1981), 102 Ill. App. 3d 820, 833, 429 N.E.2d 1277, 1288. *Cf.*

*People v. Young* (1975), 33 Ill. App. 3d 443, 337 N.E.2d 40.) Secondly, the prosecutor did not negate defendant's presumption of innocence before the jury. During closing argument, defendant challenged the veracity of all of the State's witnesses in an attempt to bolster his own credibility after introducing no other evidence at trial to refute their testimony. Most notably, defendant claimed he was dating a woman in the area who often sent him to Mick's, but defendant never produced such a woman at trial to verify his story. While in general it is improper to accuse a defendant of lying, such an inference may be stated when the facts indicate he is being untruthful. (*People v. Mitchell* (1975), 35 Ill. App. 3d 151, 164, 341 N.E.2d 153, 163.) The comments made here concerning defendant's lack of credibility were within the bounds of propriety under such circumstances and did not constitute error in the context in which given. (See *Albanese*, 104 Ill. 2d at 522, 473 N.E.2d at 1253; *People v. Slaughter* (1980), 84 Ill. App. 3d 1103, 1113-14, 405 N.E.2d 1295, 1304. See also *People v. Agee* (1980), 85 Ill. App. 3d 74, 88, 405 N.E.2d 1245, 1256. *Cf. People v. Weathers* (1975), 62 Ill. 2d 114, 120-21, 338 N.E.2d 880, 883-84.) And, because none of the complained-of statements were erroneous, counsel was not ineffective for failing to object to them or raise them in a post-trial motion. Moreover, assuming *arguendo* all of the prosecutor's comments were improper, none of them constituted reversible error. Defense counsel's failure to object to them would not have altered the result in this case in light of all the evidence presented. Defendant was positively identified as the assailant by one witness while another witness corroborated the fact defendant was at the store and intended to rob it on the night of the offense. Defense counsel's failure to file a post-trial motion raising defendant's current contentions when considered in the context of his overall performance did not prejudice defendant or affect the outcome of his trial. (See *Collins*, 106 Ill. 2d at 273-74, 478 N.E.2d at 283; *Albanese*, 104 Ill. 2d at 527, 473 N.E.2d at 1256.) We further note defense counsel did in fact move for a mistrial on the grounds of the prosecutor inferring during closing argument defendant was lying. The trial court correctly denied this motion. The prosecutor's comments simply were not improper under the circumstances presented here.

■ Defendant also argues on appeal the court erred in considering good-time credit in fashioning his sentence. Defendant believes the legislature already considered the effect of good-time credit in establishing the range of penalties for all offenses, and therefore, when the court took this factor into consideration, defendant contends his

actual sentence was, in effect, doubled, thereby subjecting him to disparate treatment. Defendant refuses to acknowledge, however, that the trial court made no mention of good-time credit until after pronouncing defendant's sentence and after informing him of his right to appeal. The court's comments exhibit no intention to double defendant's sentence but rather appear to be an attempt to explain the entire process and to lessen the impact of the sentence imposed on defendant. While the court believed the minimum sentence was inappropriate in light of defendant's shooting a defenseless man merely because he was unable to open the cash register, the court also believed the maximum sentence possible was inappropriate because defendant's prior criminal history involved no violence. The court therefore chose to sentence defendant to 12 years' imprisonment. The court simply considered no improper factor in the fashioning of defendant's sentence in this instance. The trial court sitting both through the trial and the sentencing hearing had a far superior opportunity to make a sound determination as to what defendant's punishment should be. (See *People v. Perruquet* (1977), 68 Ill. 2d 149, 154, 368 N.E.2d 882, 884; *People v. Peter* (1976), 43 Ill. App. 3d 1068, 1070, 358 N.E.2d 31, 33.) It is not our function to serve as a sentencing court, and absent any abuse of the trial court's discretion, we will not alter the sentence imposed. (*Perruquet*, 68 Ill. 2d at 153-56, 368 N.E.2d at 883-85.) We see no reason here to disturb defendant's sentence. See *People v. Meeks* (1980), 81 Ill. 2d 524, 537, 411 N.E.2d 9, 15.

For the aforementioned reasons, we affirm the judgment of the circuit court of St. Clair County.

Affirmed.

LEWIS, P.J., and CHAPMAN, J., concur.