THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CHARLES A. SCHAEFER, Defendant-Appellant.

Fifth District   No. 5—90—0253

Opinion filed August 23, 1991.

Daniel M. Kirwan and Larry R. Wells, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Gene Gross, State's Attorney, of Pinckneyville (Kenneth R. Boyle, Stephen E. Norris, and Rebecca Sanders, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE RARICK delivered the opinion of the court:

Defendant, Charles Schaefer, was charged in the circuit court of Perry County with possession of cannabis with intent to deliver. After a trial by jury, he was found guilty and sentenced to probation with the condition that he serve a six-month jail sentence.

One of the State's witnesses, Robert Quillman, testified that he had purchased cannabis from the defendant "probably 25 times" over a two-year period and that each time, the defendant had taken the cannabis from the trunk of a broken-down car in defendant's

yard. Sheriff's Deputy Timothy Russel testified that upon searching the trunk of the car, police found a small amount of cannabis scattered among some debris. A search of a shed on defendant's property yielded a bag containing 63.11 grams of cannabis. Defendant's house was also searched, but the police found no scales, no small plastic bags, no other drug paraphernalia, nor any cash.

Quillman testified that he was on probation for burglary, and had been arrested for possession of cannabis and driving on a revoked license, but that he was not being charged for those offenses in exchange for his testimony against the defendant. He further testified that he had reached an agreement with the State whereby he was to receive concurrent sentences on charges of intimidation and unlawful communication with a witness.

Also admitted into evidence was a videotape showing the search of defendant's premises and his arrest, including his being read his *Miranda* rights and being handcuffed, and his being silent throughout, even when asked by his mother whether he was in possession of cannabis as alleged.

On appeal, the defendant argues that the prosecutor made numerous statements in his closing argument that prejudiced defendant and denied him a fair trial. First, defendant maintains that on several occasions the prosecutor improperly vouched for Quillman's credibility:

> "[Prosecutor]: Ladies and gentlemen, as State's Attorney, it is not at all uncommon that I do get people who come in and tell me lies. And I hear a lot of different versions of stories. And I think—I guess, I hope, after 5 years or so, I can kind of cut through the BS and have a way to find out who is telling the truth.
>
> * * *
>
> What Robert Quillman said at the police station that night was sustained in all respects by what we found that night when we searched Chuck Schaefer's residence. So, he was saving his butt, but he told the truth.
>
> * * *
>
> Robert Quillman he is not the most stellar person in the universe but I think he told the truth."

It is well settled that a prosecutor may not vouch for the credibility of his witnesses or give his personal opinion of their veracity:

> "[A] prosecutor, as the representative of the State of Illinois, stands in a special relation to the jury. He must therefore choose his words carefully so that he does not place the

authority of his office behind the credibility of his witnesses. [Citation.] He may express an opinion if it is based on the record. [Citation.] He may not, however, state his personal opinion regarding the veracity of a witness or vouch for a witness' credibility." *People v. Roach* (1991), 213 Ill. App. 3d 119, 124, 571 N.E.2d 515, 518.

■ The State maintains that the statements in question, when taken in context, were not the prosecutor's personal opinions but were intended to emphasize to the jury that they had the requisite skills to determine Quillman's credibility and that it was their duty to do so. The State also maintains that the statements were inferences drawn from the evidence, not the personal opinion of the prosecutor, and therefore proper. While the second and possibly the third statements set out above are arguably inferences drawn from the evidence, the first statement is not. Even taken in context, the prosecutor clearly implied that he "knew" Quillman was telling the truth based upon his experience as a State's Attorney. Such a statement was clearly improper.

The State points out that defendant did not raise this issue in his post-trial motion, nor did he make any objection at trial. Unless the error alleged can be considered plain error, it is waived. (*People v. Enoch* (1988), 122 Ill. 2d 176, 522 N.E.2d 1124; *People v. Sheppard* (1990), 193 Ill. App. 3d 401, 549 N.E.2d 971.) The plain error rule applies only

> "when the question of guilt is close and the evidence in question might have significantly affected the outcome of the case [citations], or where the error alleged is so substantial as to reflect on the fairness or impartiality of the trial regardless of how closely balanced the evidence is." (*People v. Sanders* (1983), 99 Ill. 2d 262, 273, 457 N.E.2d 1241, 1246.)

We believe the plain error rule to be applicable in this case. The evidence of intent in this case consisted of Quillman's testimony, the 63.11 grams of cannabis, and Deputy Russel's testimony that he had never encountered anyone with that much marijuana that was not selling it. Russel also testified, however, that dealers often had scales, small plastic baggies, and substantial amounts of cash, none of which was found in this case. We find that the evidence of intent to deliver was closely balanced such that the prosecutor's vouching for Quillman's credibility rises to the level of plain error.

Defendant's next argument with respect to the prosecutor's closing argument is that the prosecutor indicated that he had personal knowledge of Quillman's motive for testifying, argued beyond

the evidence in telling the jury that there were other witnesses against the defendant which were not presented, and made reference to the fact defendant chose to remain silent:

"[Prosecutor]: Some people do it for money. Some people do it when they get into trouble. Some people do it out of the goodness of their heart. [sic] There's always a motive why you help the police in a drug case. I have never had a drug case where somebody turns another drug dealer in, doesn't have—

[Defense Counsel]: Objection.

THE COURT: Overruled. Proceed.

[Prosecutor]: Thank you, your Honor. So, Robert Quillman had a motive. He was saving his own butt. I don't have any qualms about that. I was there. I talked to him.

* * *

And he [defendant] told me [Quillman] he [sic] that he grows marijuana and I've bought marijuana from him for the past 7, 8, 10 years. I'm certain.

THE COURT: Don't discuss something not in evidence.

* * *

[Prosecutor]: Sure, I wish Chuck Schaefer would have came [sic] in and just turned it over, and said, yeah, I have been selling this marijuana. Mr. Maclin said, the State didn't produce these other people. I don't know many people who would want to come in and sit in this chair and look at the defendant and say, he's a drug dealer. People are generally scared of drug dealers."

■ The State acknowledges that it is improper for a prosecutor to testify as to personal knowledge of a witness' credibility but maintains that this error, and the others, were invited by the defendant and that he cannot now be heard to complain. Upon reviewing the record, we find that during his closing argument, the defendant's attorney argued that Quillman was lying to save himself, mentioned the names of several uncalled witnesses, and alluded to the existence of other so-called witnesses, inviting the jury to speculate why those witnesses did not testify. A defendant may not complain about errors he himself invited (*People v. Angelley* (1988), 167 Ill. App. 3d 477, 521 N.E.2d 306) or where the prosecutor answers in rebuttal a comment made regarding the State's failure to call a witness. (*People v. Richardson* (1988), 123 Ill. 2d 322, 528 N.E.2d 612.) Regarding the prosecutor's statement that he wished defendant had admitted selling drugs, after carefully consid-

ering the statement and the context in which it was made, we conclude that it was not intended to direct the jury's attention to defendant's decision not to testify and so was not improper. *People v. Dixon* (1982), 91 Ill. 2d 346, 438 N.E.2d 180.

■ Finally, the defendant claims that the prosecutor violated the court's ruling that evidence of drug sales older than two years was too remote to be relevant. The prosecutor's quoting of Quillman's statement that he had marijuana from the defendant for "the past 7, 8, 10 years" was improper, but it was an isolated statement which was immediately corrected by the court's admonishment. We do not believe it sufficiently prejudicial to have deprived the defendant of a fair trial. *People v. David* (1986), 141 Ill. App. 3d 243, 489 N.E.2d 1124; *People v. Whitfield* (1986), 140 Ill. App. 3d 433, 488 N.E.2d 1087.

■ Defendant also challenges the admission of the videotape, arguing that it was irrelevant and prejudicial, and that it deprived him of his presumption of innocence by showing him in handcuffs being read his *Miranda* rights and remaining silent despite his mother's pleas to confess or deny his guilt. The videotape showed the search of defendant's premises and his arrest. We agree with the trial court that the tape was relevant to the question of the thoroughness of the search, which was questioned by the defendant. We also find that the image of the defendant in handcuffs was not unduly prejudicial. We do not accept the defendant's argument that such scene destroyed the presumption of innocence. A brief, unaggravated viewing of the defendant in handcuffs was not so prejudicial as to deprive the defendant of a fair trial. (See *People v. Bennett* (1980), 90 Ill. App. 3d 64, 412 N.E.2d 1001.) Further, the jurors were instructed by the trial court on the presumption of innocence, and we presume they followed that instruction. (*People v. Jenkins* (1977), 69 Ill. 2d 61, 370 N.E.2d 532.) What we do find potentially prejudicial are the scenes of defendant remaining silent while being read his *Miranda* rights and throughout his arrest, especially the scene where defendant's mother asks, "Did you have some Chuck, or did you not?" and after a brief pause says, "You can tell me." Given the potential prejudice of these scenes and their complete lack of probative value, we find their admission to have been prejudicial error. We direct that they be redacted prior to the tape being shown to the jury on retrial.

Finally, we note that although the defendant has argued, and we have found, that the evidence in this case was closely balanced, he has not argued that it was insufficient to sustain his conviction.

We therefore do not reach that issue. See *People v. Taylor* (1979), 76 Ill. 2d 289, 309, 391 N.E.2d 366, 375.

For the foregoing reasons, the judgment of the circuit court of Perry County is reversed and this cause is remanded for a new trial.

Reversed and remanded.

WELCH and CHAPMAN, JJ., concur.